No. 22-10027

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

v.

**CHRISTIAN ESTRELLA,**

*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the Northern District of California
Case No. 3:10-cr-00517-WHO-1
Honorable Susan Illston and William H. Orrick

---

**BRIEF OF *AMICUS CURIAE***
**NATIONAL ASSOCIATION OF CRIMINAL**
**DEFENSE LAWYERS IN SUPPORT OF *EN BANC***
**AND PANEL REHEARING**

---

COBLENTZ PATCH DUFFY & BASS LLP
Sarah Peterson
Marcia Valadez Valente
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
ef-sep@cpdb.com
ef-mvv@cpdb.com

*Counsel for Amicus Curiae*
National Association of Criminal
Defense Lawyers

## INTEREST OF THE *AMICUS CURIAE*[1]

The National Association of Criminal Defense Lawyers (NACDL) is a nonprofit, voluntary professional bar association founded in 1958 that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct. NACDL's mission is to serve as a leader, alongside diverse coalitions, in identifying and reforming flaws and inequities in the criminal legal system, redressing systemic racism, and ensuring that its members and others in the criminal defense bar are fully equipped to serve all accused persons at the highest level.

NACDL has a nationwide membership, with many thousands of direct members and up to 40,000 members with affiliates. NACDL's members include private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges. NACDL is the only nationwide professional bar association for public defenders and private criminal defense lawyers.

---

[1] *Amicus* submits this brief pursuant to Circuit Rule 29-2(a). All parties have consented to its filing.

NACDL files numerous *amicus* briefs each year in the federal and state courts. NACDL seeks to provide *amicus* assistance in cases that present issues of broad importance to criminal defendants, criminal defense lawyers, and the criminal justice system as a whole. NACDL submits this brief in support of petitioner because the issues presented here concerning suspicionless searches implicate areas of great concern to criminal defendants and defense lawyers throughout the country.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned states that the National Association of Criminal Defense Lawyers does not have a parent corporation, and no publicly held corporation owns 10% or more of its stock.

**Dated: August 31, 2023**    By: */s/ Sarah Peterson*

COBLENTZ PATCH DUFFY & BASS LLP
Sarah Peterson
Marcia Valadez Valente

*Counsel for Amicus Curiae*

## STATEMENT PURSUANT TO RULE 29(a)(4)(E)

No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund the preparation or submission of this brief. No person other than NACDL and its counsel have contributed money that was intended to fund the preparation or submission of this brief.

**Dated: August 31, 2023**   By: */s/ Sarah Peterson*

COBLENTZ PATCH DUFFY & BASS LLP
Sarah Peterson
Marcia Valadez Valente

*Counsel for Amicus Curiae*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTEREST OF THE *AMICUS CURIAE*.................................................... 2

CORPORATE DISCLOSURE STATEMENT............................................. 4

STATEMENT PURSUANT TO RULE 29(a)(4)(E) ................................... 5

INTRODUCTION ...................................................................................... 8

ARGUMENT ............................................................................................ 10

    I.    Several police departments in California have adopted the verification requirement that the panel assumed would create problems for police work. ................................. 11

    II.    A review of state laws further undermines the panel's assumption that police work would be hindered if police were required to verify parole status before conducting suspicionless searches under the parole exception. ................................................................................. 14

        A.    Thirty-five U.S. states do not permit police to conduct suspicionless searches of parolees................. 14

        B.    Nearly half of the states that do permit police to conduct suspicionless searches of parolees require police officers to first involve the parolee's parole officer in the search........................................................ 16

        C.    Over half of the states that permit police to conduct suspicionless searches of parolees require police to first review the parolee's conditions of release........................................................................... 18

CONCLUSION ......................................................................................... 19

APPENDIX ............................................................................................... 20

CERTIFICATE OF COMPLIANCE ....................................................... 28

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Griffin v. Wisconsin,*
483 U.S. 868 (1987) ................................................................ 17

*United States v. Estrella,*
69 F.4th 958 (9th Cir. 2023) ........................................... 8, 10

## Statutes

18 U.S.C. § 3583 .................................................................... 18

Cal. Penal Code § 3067(b)(3) ................................................ 15

# INTRODUCTION

The panel decision in *United States v. Estrella*, 69 F.4th 958 (9th Cir. 2023), greatly expanded police authority by permitting officers to conduct suspicionless stops and searches upon mere probable cause to believe that a person is on parole, diluting the knowledge requirement that this Court had previously imposed.

*Amicus curiae* the National Association of Criminal Defense Lawyers (NACDL) urges the Court to grant rehearing. The record contains no support for the panel's conclusion that requiring knowledge of parole status "would create practical problems for everyday police work," *see Estrella*, 69 F.4th at 968, and police-department practices and state law undermine that conclusion in several respects:

- Police departments in several major California municipalities have implemented the verification requirement that the panel assumed would create practical problems for police work, tending to show that the panel's assumption was unfounded.

- California is one of only 15 states that permit police to conduct suspicionless searches of parolees; the majority of states do not permit police officers to conduct those searches. Requiring

actual knowledge of parole status cannot impede everyday police work when police departments in most states are not permitted to conduct suspicionless stops and searches of parolees in the first place.

- Even within California, at least two municipalities of which NACDL is aware have elected not to allow their police forces to conduct suspicionless searches of parolees.

- Seven of the 15 states that do permit police officers to conduct suspicionless searches of parolees require the police officer to involve the parolee's parole officer in the search.  That policy effectively requires actual knowledge of parole status—as a parole officer would necessarily have that information for the individuals he or she supervises—and undercuts the panel's belief that imposing additional steps on the search process would unacceptably interfere with police work.

- Eight of the 15 states that permit police to conduct suspicionless searches of parolees only permit those searches if the parolee's conditions of release or plea agreement expressly authorizes that type of search, which means that police must

review the parolee's conditions and plea agreement before undertaking the search. Again, this practice contradicts the panel's assumption that requiring police to take verification steps will unacceptably inhibit police work.

## ARGUMENT

The panel's decision rested in part on its unfounded assumption that requiring police to verify that a person is actually on parole before relying on the parole exception to the warrant requirement to search that person would "create practical problems for everyday police work." *Estrella*, 69 F.4th at 968. According to the panel, it would be too burdensome to require a police officer to obtain "'up-to-the minute information' of a parolee's status before proceeding with a routine compliance check." *Id.*

In its merits brief, the government did not take the position that requiring police to verify a person's parole status would create problems for police work, and the record contains no support for the panel's conclusion that it would.[2] In several respects, current police-

---

[2] The panel's reliance on a ground not briefed is reason to grant rehearing. *See* Ninth Cir. General Order 4.2 ("If a panel determines to decide a case upon the basis of a significant point not raised by the

department and statewide policies belie the notion that requiring

officers to obtain current information about parole status is impractical.

## I.   Several police departments in California have adopted the verification requirement that the panel assumed would create problems for police work.

As Estrella's petition explains, suspicionless stops and searches of

parolees involve non-emergency situations and are conducted in the

absence of any reason to suspect criminal activity.  Because there is no

exigency, there is no reason why police officers cannot take the time to

confirm before initiating the suspicionless stop or search that the

person they wish to search is actually on parole—by inquiring with

dispatch or the parole department, checking the parole database

directly, or asking the person they wish to search.

Accordingly, a number of California police departments have

policies requiring their officers to verify a person's parole status before

conducting a warrantless search under the parole exception:

- The Oakland Police Department requires its officers to

  confirm their knowledge of a target's parole status within 72

---

parties in their briefs, it shall give serious consideration to requesting
additional briefing and oral argument before issuing a disposition
predicated upon the particular point.").

hours before effecting a warrantless search, and as the department's guidelines explain, there are several acceptable methods that an Oakland police officer may easily use to confirm parole status:[3]

> Officers may learn of, and confirm, an individual's Supervised Release status: from a check of law enforcement databases such as AWS, CRIMS, CLETS, and CORPUS; by direct contact with the individual's Supervised Release officer/supervisor; or from direct contact with another Department Officer who fulfilled one of the two above methods of confirmation. In situations where an Officer has prior knowledge of the individuals' searchable Supervised Release status, the Officer shall confirm the validity of the individual's Supervised Release status via a records check prior to effecting any warrantless search.

- The policy of the San Diego Police Department is likewise that a person's parole status and expiration date must be verified before a search takes place: "Before carrying out a probation or parole search of an individual contacted in the field, the patrol officer must verify the current status and

---

[3] *See* Oakland Police Department, Department General Order R-02, https://public.powerdms.com/oakland/tree/documents/1800988 (internal footnotes omitted).

expiration date of the individual's search condition."[4]  The

policy specifies the method for confirming the target's parole

status:  the "verification can take place via the Inquiry

frequency."[5]

- The City and County of San Francisco also requires that its

  officers "verify – and never assume – that a client has a valid

  search condition and is still on active supervision."[6]

- Under Los Angeles Police Department policy, officers relying

  on the parole exception to the warrant requirement are

  "obligated to verify search conditions prior to search to

  ensure the search conditions are current via the Want and

  Warrant System.  Additionally, officers may contact

---

[4] *See* San Diego Police Department, 4.15 Probation, Parole, and Knock and Talk Searches Including High-Risk Entries and Outside Assistance (March 14, 2017), https://uaptsd.files.wordpress.com/2016/11/4-15-probation-parole-and-knock-and-talk-searches-including-high-risk-entries-and-outside-assistance.pdf.

[5] *Id.*

[6] City and County of San Francisco, Policy: Search and Seizure, https://sf.gov/sites/default/files/2021-11/3.08.03%20Search%20and%20Seizure.pdf.

probation or parole if any questions arise about the search conditions or the active status."[7]

- The Los Angeles County Sheriff's Department requires its officers to first obtain "knowledge of a probation or parole search condition" before "conduct[ing] searches of individuals based on probation or parole status."[8]

Thus, a number of major California municipalities have adopted the verification requirement that the panel opinion assumed would be problematic for everyday police work.

## II. **A review of state laws further undermines the panel's assumption that police work would be hindered if police were required to verify parole status before conducting suspicionless searches under the parole exception.**

### A. **Thirty-five U.S. states do not permit police to conduct suspicionless searches of parolees.**

In the majority of U.S. states, police are not permitted under state law to conduct suspicionless searches of parolees. Only 20 of the 50

---

[7] Los Angeles Police Department Training Bulletin, Volume L, Issue 3, Contacts with the Public – Part I, Legal Considerations (March 2021), https://lapdonlinestrgeacc.blob.core.usgovcloudapi.net/lapdonlinemedia/Contacts-with-the-Public-Legal-Considerations.pdf.

[8] Los Angeles County Sheriff's Department Manual of Policy and Procedures, 5-09/520.05 - Stops, Seizures, and Searches, https://pars.lasd.org/Viewer/Manuals/10008/Content/12493?Source=TextSearch&searchQuery=parole.

states allow suspicionless searches of parolees,[9] and of those 20 states, only 15 permit police officers (as opposed to the parolee's parole officer) to conduct the search.[10] The other 35 states do not authorize police to use suspicionless parolee searches as an investigatory police tool.[11] It cannot be the case that police need the authority to conduct suspicionless searches upon mere probable cause that their target is on parole, when over two-thirds of the states do not even authorize their police to conduct suspicionless searches of parolees in the first place.

Even within California, where state law permits police to conduct suspicionless searches of parolees, *see* Cal. Penal Code § 3067(b)(3), some municipalities have elected not to allow their police officers to conduct those types of searches, apparently finding that tool

---

[9] *See* Appendix, at 1–6 (Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, New Hampshire, New York, North Carolina, South Carolina, Tennessee, Texas, Virginia, West Virginia, Wisconsin).

[10] *Id.* (Alaska, Arizona, Arkansas, California, Colorado, Idaho, Illinois, Indiana, New York, North Carolina, South Carolina, Tennessee, Texas, Virginia, Wisconsin).

[11] *Id.* (Alabama, Connecticut, Delaware, Florida, Georgia, Hawaii, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Vermont, Washington, West Virginia, Wyoming).

categorically unnecessary for police work. For example, both the City of Berkeley and the City of Oakland prohibit their police from conducting suspicionless searches of individuals on supervised release for non-violent offenses.[12]

**B.** **Nearly half of the states that do permit police to conduct suspicionless searches of parolees require police officers to first involve the parolee's parole officer in the search.**

Of the 15 states that authorize police officers to conduct suspicionless searches of parolees, only eight authorize police officers to conduct these searches without involving the parolee's parole officer.[13] The other seven states require suspicionless searches to be carried out

---

[12] *See* City of Berkeley Law Enforcement Services Manual, § 311.6, https://berkeleyca.gov/sites/default/files/2022-05/RELEASE_20220411_T083431_Berkeley_PD_Policy_Manual.pdf, ("The decision to detain a person and conduct a probation or parole search . . . should be made, at a minimum, in connection with articulable facts that create a reasonable suspicion that a person may have committed a crime, be committing a crime, or be about to commit a crime."); Oakland Police Department, Department General Order R-02, § C-2, https://public.powerdms.com/oakland/tree/documents/1800988 (warrantless search of individual on supervised release must be based on "articulable facts which demonstrate that the individual is connected in some way to criminal activity or that the individual is an Imminent Threat," and "[t]he mere fact that an individual is on probation [or] parole . . . is not itself a connection to criminal activity").

[13] *See* Appendix, at 1–6 (Arkansas, California, Illinois, South Carolina, Tennessee, Texas, Virginia, Wisconsin).

under the supervision of the targeted person's parole officer.[14] This is significant for two reasons. First, a parole officer will always have actual knowledge of the parolee's parole status, and therefore nearly half of the 15 states that permit police to conduct suspicionless searches in effect require the police officer to first have actual knowledge of the target's parole status. Second, the fact that seven of the states authorizing police to conduct suspicionless parolee searches require police to take the time to obtain the parole officer's cooperation indicates there is no basis to conclude that requiring a police officer to take a moment to place a call to dispatch or view a parole database prior to the search places too much of a burden on practical police work.

---

[14] *Id.* (Alaska, Arizona, Colorado, Idaho, Indiana, New York, North Carolina). The practice in these states of involving the parole officer is consistent with the origin of the parole exception to the warrant requirement in *Griffin v. Wisconsin*, 483 U.S. 868 (1987). In *Griffin*, the Court expressly assumed that a parole or probation officer, rather than a police officer, would be conducting the warrantless searches that the exception authorized. *Id.* at 876–77 ("Although a probation officer is not an impartial magistrate, neither is he the police officer who normally conducts searches against the ordinary citizen. He is an employee of the State Department of Health and Social Services who, while assuredly charged with protecting the public interest, is also supposed to have in mind the welfare of the probationer [who in the regulations is called a "client," HSS § 328.03(5)]. . . . In such a setting, we think it reasonable to dispense with the warrant requirement.").

**C.** **Over half of the states that permit police to conduct suspicionless searches of parolees require police to first review the parolee's conditions of release.**

Eight of the 15 states that authorize police to conduct suspicionless searches of parolees only permit those searches if the parolee's particular conditions of release or plea agreement expressly authorizes that type of search.[15]  Thus, in over half of the states that authorize police to search parolees without suspicion, the police officer will always need to take the extra step of reviewing the parolee's conditions before commencing a search, to determine whether a suspicionless search is in fact permitted.[16]  Again, this current practice in eight of the states contradicts the panel's assumption that requiring police to take verification steps will unacceptably inhibit police work.

In short, California is in the extreme minority of only five states (along with Arkansas, Illinois, South Carolina, and Tennessee) that authorize police officers to conduct suspicionless searches of *all* parolees without involving a parole officer.  On-the-ground evidence in the rest of the country, and even within several California cities, demonstrates

---

[15] *Id.* at 1–2, 4–6 (Alaska, Idaho, Indiana, New York, North Carolina, Texas, Virginia, Wisconsin).

[16] The federal government follows the same rule for persons on supervised release.  *See* 18 U.S.C. § 3583.

that requiring officers to possess actual knowledge of a parolee's status before effecting a warrantless search would not impede everyday police work. Since the panel's mistaken assumption to the contrary formed a basis for the panel's opinion, rehearing is warranted.

## CONCLUSION

For the foregoing reasons, and in the interest of justice, *Amicus Curiae* NACDL respectfully calls on this Court for a rehearing.

**Dated: August 31, 2023**          By: */s/ Sarah Peterson*

COBLENTZ PATCH DUFFY & BASS LLP
Sarah Peterson
Marcia Valadez Valente

*Counsel for Amicus Curiae*

# APPENDIX

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| Alabama | *Toney v. State*, 572 So.2d 1308, 1312 (Ala. Crim. App. 1990) (parole search requires reasonable grounds). | No | N/A | N/A |
| Alaska | AK Stat § 33.16.150 (2018); *Brown v. State*, 127 P.3d 837, 843 (Alaska App.2006) ("no particularized suspicion [is] necessary" if condition of release). | Yes, if condition of release | Yes | Yes |
| Arizona | Ariz. Dep't of Corr., Conditions of Supervision and Release ¶ 9; *State v. Turner*, 688 P.2d 1030, 1035 (Ct. App. 1984); *State v. Webb*, 717 P.2d 462, 466–467 (Ct. App. 1985) ("The fact that the police initiated the search is not determinative."). | Yes, if in furtherance of the purposes of parole | Yes | Yes |
| Arkansas | AR Code § 16-93-106 (2020); amended by 2023 Arkansas Laws Act 659 (S.B. 495); *Clingmon v. State*, 620 S.W.3d 184 (2021). | Yes | Yes | No |
| California | Cal. Penal Code § 3067(b)(3); *Samson v. California*, 547 U.S. 843 (2006). | Yes | Yes | No |
| Colorado | Colo. Rev. Stat. Ann. § 17–2–201(5)(f)(I); *People v. McCullough*, 6 P.3d 774, 781–82 (Colo. 2000) (statute imposing search condition on all parolees does not require "reasonable grounds," but search must be "in furtherance of the purposes of parole" and "carried out under the authority of a parole officer"); *United States v. Mathews*, 250 F. Supp. 3d 806, 815 (D. Colo. 2017), aff'd, 928 F.3d 968 (10th Cir. 2019) ("parole search statute permits suspicionless searches"). | Yes, if in furtherance of the purposes of parole | Yes | Yes |
| Connecticut | *State v. Whitfield*, 599 A.2d 21, 24 (Conn. App. Ct. 1991) (right to conduct parole search based on mere suspicion extends only to parole officer). | No | N/A | N/A |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| Delaware | *State v. Redden*, 2003 WL 22853419, at *2 (Del. Super. Ct. Oct. 22, 2003) (regulation requires that parolee search be based on "reasonable grounds"). | No | N/A | N/A |
| Florida | *State v. Green*, 349 So. 3d 503, 507 (Fla. Dist. Ct. App. 2022); *Grubbs v. State*, 373 So. 2d 905 (Fla. 1979) (prohibiting random, suspicionless searches of probationers by law enforcement officers other than a probation officer). | Yes | No | N/A |
| Georgia | *United States v. Sanchez*, 334 F. Supp. 3d 1284 (N.D. Ga. 2018) (neither a warrant nor reasonable suspicion of criminal activity were required for parole officer to conduct a search); *United States v. Spence*, No. 1:17-CR-137-TCB-LTW, 2018 WL 4523148, at *5 (N.D. Ga. Apr. 20, 2018), report and recommendation adopted, No. 1:17-CR-137-TCB, 2018 WL 2931956 (N.D. Ga. June 12, 2018). | Yes | No | N/A |
| Hawaii | *State v. Propios,* 879 P.2d 1057, 1060, 1061 n.6, 1063 (Haw. 1994) (parolee may be subject to warrantless search based on "reasonable suspicion"). | No | N/A | N/A |
| Idaho | *State v. Devore*, 2 P.3d 153, 156 (Idaho Ct. App. 2000) ("reasonable grounds" requirement does not apply when the subject of the search has entered into a probation or parole agreement that includes a consent to warrantless searches.). | Yes, if condition of release; otherwise reasonable grounds requirement applies | Yes | Yes |
| Illinois | *People v. Wilson*, 885 N.E.2d 1033, 1042 (Ill. 2008) (police officers have same authority as parole officers to conduct warrantless, suspicionless searches of parolees). | Yes | Yes | No |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
| --- | --- | --- | --- | --- |
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| Indiana | Ind. Code § 11-13-3-7(a)(6) (requiring "reasonable cause" to believe existence of parole violation); *State v. Harper*, 135 N.E.3d 962, 971 (Ind. Ct. App. 2019) ("Indiana parolees, . . . who have consented or been clearly informed that the conditions of their release 'unambiguously authorize warrantless and suspicionless searches, may thereafter be subject to such searches'"). | Yes, if condition of release | Yes | Yes |
| Iowa | *State v. Baldon*, 829 N.W.2d 785, 790 (Iowa 2013) (holding parole status does not alone permit a warrantless, suspicionless search). | No | N/A | N/A |
| Kansas | K.S.A. 22-3717 (k) (2) ("Parolees . . . shall agree in writing to be, subject to searches of the person . . . by a parole officer . . . with or without cause"); *State v. Toliver*, 368 P.3d 1117 (Kan. Ct. App. 2016). | Yes | No | No |
| Kentucky | KDOC 27-16-01; *Gasaway v. Commonwealth*, 671 S.W.3d 298, 330 (Ky. 2023) ("minimum legal standard of reasonable suspicion is required to justify a warrantless search"). | No | N/A | N/A |
| Louisiana | *State v. Perry,* 900 So. 2d 313, 318 (La. Ct. App. 2005) (parolee search must be based on "reasonable suspicion"); *State v. McCarthy*, 313 So. 3d 1234 (La. 2021). | No | N/A | N/A |
| Maine | *State v. Lepenn*, 2023 ME 22, 295 A.3d 139, 144 n.7 ("law enforcement agents need only reasonable articulable suspicion"). | No | N/A | N/A |
| Maryland | Md. Code, Corr. Serv. § 6-109; *Wright v. State*, 2017 WL 6371291, at *4 (Md. Ct. Spec. App. Dec. 13, 2017) ("In order for a search or seizure of a parolee to be constitutional, an officer must have a reasonable suspicion"). | No | N/A | N/A |
| Massachusetts | *Commonwealth v. LaFrance*, 402 Mass. 789, 525 N.E.2d 379 (1988). | No | N/A | N/A |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| Michigan | Mich. Admin. Code. r. 791.7735(2) (parole agent may search parolee if "reasonable cause to believe that a violation of parole exists"); *United States v. O'Connor*, No. 06-20583, 2007 WL 4126357 (E.D. Mich. Nov. 20, 2007). | No | N/A | N/A |
| Minnesota | *State v. Heaton*, 812 N.W.2d 904, 909 (Minn. Ct. App. 2012) (search requires only reasonable suspicion). | No | N/A | N/A |
| Mississippi | *Britton v. Southaven Police Dep't*, No. 3:16CV84-MPM-RP, 2017 WL 2407045, at *7 (N.D. Miss. May 31, 2017) ("parolees are subject to warrantless searches based upon reasonable suspicion"). | No | N/A | N/A |
| Missouri | *State v. Williams*, 486 S.W.2d 468, 473 (Mo. 1972) (upholding search where parole officer had "sufficient information" to arouse suspicion of criminal activity). | No | N/A | N/A |
| Montana | Mont. Admin. R. 20.7.1101(7) (parolee shall submit to search by parole officer based on "reasonable suspicion"); *State v. Mefford*, 2022 MT 185, ¶ 38, 410 Mont. 146, 163, 517 P.3d 210, 222. | No | N/A | N/A |
| Nebraska | *State v. Davis*, 577 N.W.2d 763, 772 (Neb. Ct. App. 1998) (parole officer must have "reasonable grounds" to suspect parole violations). | No | N/A | N/A |
| Nevada | Nev. Rev. Stat. Ann. § 176A.410 (West); Allan v. State, 746 P.2d 138, 140 (Nev. 1987) (parole officer must have "reasonable grounds" to suspect parole violation). | No | N/A | N/A |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| New Hampshire | N.H. Code Admin. R. Par 401.02(b)(9); *State v. Zeta Chi Fraternity*, 696 A.2d 530, 541 (N.H. 1997) (probation officer's responsibilities toward probationer and public does not extend to law enforcement officers); *Anderson v. Peterson*, No. Civ. 02-315-M, 2003 WL 23100320, at *4 (D.N.H. Dec. 31, 2003) (general parole conditions allow for search without reasonable cause). | Yes, if in furtherance of the purposes of parole | No | N/A |
| New Jersey | N.J. Admin. Code tit. 10A, § 72-6.3(a); *State v. Maples*, 788 A.2d 314, 318 (N.J. Super. Ct. App. Div. 2002) (parole search requires reasonable suspicion). | No | N/A | N/A |
| New Mexico | *State v. Benavidez*, 231 P.3d 1132, 1138 (N.M. Ct. App. 2010) (parole search requires reasonable suspicion). | No | N/A | N/A |
| New York | N.Y. Comp. Codes R. & Regs. tit. 9, § 8003.2(d) (requiring a parolee to agree to "search and inspection of [his] person, residence and property"); *United States v. DeJesus*, 538 F. Supp. 3d 382, 390 (S.D.N.Y. 2021) ("[C]ollaboration between a probation officer and police does not in itself render a probation search unlawful."). | Yes, if in furtherance of the purposes of parole | Yes | Yes |
| North Carolina | N.C. Gen. Stat. Ann. §§ 15A-1343, 15A-1368.4, & 15A-1374; *United States v. Fuller*, No. 5:17-CR-401-H(2), 2019 WL 6210891, at *10 (E.D.N.C. Oct. 1, 2019), report and recommendation adopted, No. 5:17-CR-401-1H, 2019 WL 6190630 (E.D.N.C. Nov. 20, 2019) ("searches must be supported by reasonable suspicion unless the probationer is subject to a search condition explicitly authorizing searches without suspicion"). | Yes, if condition of release | Yes | Yes |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| North Dakota | *State v. Powley*, 2020 ND 124, ¶ 15, 943 N.W.2d 766, 771 (reasonable suspicion required); *State v. Ballard*, 874 N.W.2d 61, 72 ¶¶ 40–41 (N.D. 2016). | No | N/A | N/A |
| Ohio | Ohio Rev. Code § 2967.131(C) (authorized field officers . . . may search parolee if "reasonable grounds" to believe parolee is violating the law or terms of parole); *State v. Mattison*, 1999 WL 957648, at *2, 4 (Ohio Ct. App. Sept. 3, 1999). | No | N/A | N/A |
| Oklahoma | *Ott v. State,* 967 P.2d 475, 474-76 (Okla. Crim. App. 1998) (parole officer must have "reasonable grounds" for search). | No | N/A | N/A |
| Oregon | ORS 137.540; *State v. Brown*, 825 P.2d 282, 284-285 (1992) (officer must have reasonable grounds to believe that evidence of a violation will be found). | No | N/A | N/A |
| Pennsylvania | *Commonwealth v. Williams,* 692 A.2d 1031, 1036–37 (Pa. 1997) (parole officer has right to search parolee if search is based on reasonable suspicion); *United States v. Henley*, 941 F.3d 646, 651 (3d Cir. 2019) ("reasonable suspicion is required under Pennsylvania law"). | No | N/A | N/A |
| Rhode Island | *United States v. Skally*, No. CR 21-00077-WES, 2022 WL 16797378, at *7 (D.R.I. Nov. 8, 2022) (reasonable suspicion standard). | No | N/A | N/A |
| South Carolina | S.C. Code Ann. §24-21-640 (Supp. 2013) (parolee "must agree in writing to be subject to search or seizure, without a search warrant, with or without cause . . . by: (1) any probation agent employed by . . . Parole and Pardon Services; or (2) any other law enforcement officer."). | Yes | Yes | No |
| South Dakota | *State v. Kline*, 2017 S.D. 6, ¶ 6, 891 N.W.2d 780, 783 (applying reasonable suspicion standard). | No | N/A | N/A |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
|---|---|---|---|---|
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| Tennessee | *State v. Hamm*, 589 S.W.3d 765 (Tenn. 2019) (standard "probation search conditions that permit a search, without warrant, of probationer's person . . . do not require law enforcement to have reasonable suspicion"). | Yes | Yes | No |
| Texas | *Howard v. State*, 570 S.W.3d 305, 310 (Tex. App. 2018) ("Fourth Amendment requires only reasonable suspicion that the probationer is engaged in criminal activity"); *Cochran v. State*, 563 S.W.3d 374, 379 (Tex. App. 2018) ("a condition of community supervision authorizing a search does not violate the Fourth Amendment . . if it is reasonably restricted to promote the purposes of community supervision."). | Yes, if condition of release | Yes, if condition of release | No |
| Utah | *State v. Velasquez*, 672 P.2d 1254, 1260 (Utah 1983) ("a parole officer must have reasonable grounds for investigating whether a parolee has violated the terms of his parole or committed a crime"). | No | N/A | N/A |
| Vermont | *State v. Moses*, 618 A.2d 478, 484 (1992). | No | N/A | N/A |
| Virginia | *Anderson v. Commonwealth*, 490 S.E.2d 274 (1997) (upholding plea agreement that allowed for suspicionless searches by any law enforcement officer). | Yes, if condition of release | Yes, if condition of agreement | No |
| Washington | West's RCWA 9.94A.631(1);*State v. Massey*, 913 P.2d 424, 425 (Wash. Ct. App. 1996) (search of parolee "is reasonable if an officer has a well-founded suspicion that a violation has occurred"). | No | N/A | N/A |

| STATE | LEGAL AUTHORITY | SUSPICIONLESS SEARCH ALLOWED | IF SUSPICIONLESS SEARCH IS ALLOWED: | |
| --- | --- | --- | --- | --- |
| | | | POLICE OFFICER AUTHORIZED | POLICE OFFICER MUST BE DIRECTED/ SUPERVISED |
| West Virginia | *United States v. Pickens*, No. 1:07CR32, 2007 WL 9735718, at *1 (N.D.W. Va. Aug. 2, 2007), aff'd, 295 F. App'x 556 (4th Cir. 2008); *United States v. Moore*, No. 5:18CR54, 2019 WL 7619776, at *6 (N.D.W. Va. Oct. 4, 2019), report and recommendation adopted, No. 5:18-CR-54, 2019 WL 5205945 (N.D.W. Va. Oct. 16, 2019) ("reasonable suspicion is not required for a parole officer to conduct a search"). | Yes | No | N/A |
| Wisconsin | *State v. Rowan*, 2012 WL 60, 2012 WL 2052947 (Wis. 2012) (upholding condition authorizing suspicionless searches by any law enforcement officer). | Yes, if condition of release; otherwise reasonable suspicion is required | Yes, if condition of release | No |
| Wyoming | *Pena v. State*, 792 P.2d 1352, 1358 (Wyo. 1990) (parole officer must have reasonable suspicion of a parole violation or crime to conduct search). | No | N/A | N/A |

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-10027

I am the attorney or self-represented party.

**This brief contains** | 4,167 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

● is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    ☐ it is a joint brief submitted by separately represented parties.

    ☐ a party or parties are filing a single brief in response to multiple briefs.

    ☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | */s/Sarah E. Peterson* | **Date** | August 31, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                    *Rev. 12/01/22*